IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21−cv−02385−DDD−NRN

DANIEL W. HAMANN

      Plaintiff, Pro Se

v.

THE UNITED STATES DEPARTMENT OF THE INTERIOR,

DEB HAALAND, Secretary

      Defendants.

---

## AMENDED COMPLAINT

For brevity and legibility, consider all text in original complaint to be strikethrough text, and all text in this document to be underlined text.

Civil Action No. 1:21−cv−02385−DDD−NRN

# TABLE OF CONTENTS

I.      PLAINTIFF INFORMATION ............................................................................... 3

II.     DEFENDANT(S) INFORMATION ...................................................................... 3

III.    JURISDICTION ................................................................................................... 3

IV.     STATEMENT OF CLAIM ................................................................................... 3

V.      ADMINISTRATIVE PROCEDURES .................................................................. 4

VI.     REQUEST FOR RELIEF ..................................................................................... 4

VII.    PLAINTIFF'S SIGNATURE ............................................................................... 4

VIII.   Attachments ......................................................................................................... 5

   A.   RIGHT TO SUE ................................................................................................. 5

   B.   STATEMENT OF CLAIMS .............................................................................. 8

       1.   Statement ..................................................................................................... 8

       2.   Incidents ....................................................................................................... 9

   C.   REQUEST FOR RELIEF ................................................................................ 12

   D.   PLAINTIFF RESUME .................................................................................... 15

   E.   BACKGROUND OF CASE. ........................................................................... 16

   F.   NATURE OF POSITION HELD BY PLAINTIFF (JOB DESCRIPTION) ..................... 19

IX.     Exhibits (OVERSIZED ELECTRONIC DOCUMENTS) ................................. 20

Civil Action No. 1:21−cv−02385−DDD−NRN

A.    Report of Investigation for administrative complaint DOI-BOR-19-07604 ................. 20

B.    File names ..................................................................................................... 20

I.    PLAINTIFF INFORMATION

DANIEL W HAMANN,

10799 W ALAMEDA AVE, UNIT 150032, LAKEWOOD, CO 80215-7402

720-428-9543, r6y2r7@gmail.com

II.    DEFENDANT(S) INFORMATION

Defendant 1:   DEPARTMENT OF THE INTERIOR,

Division of General Law, Room 6341, 1849 C Street, N.W., Washington, DC 20240

Defendant 2:   DEB HAALAND, Secretary,

Department of the Interior, 1849 C Street, N.W., Washington DC 20240

III.    JURISDICTION

Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621, et seq. *See*

attachment.

IV.    STATEMENT OF CLAIM

The cause of action is age discrimination through disparate treatment. Age

Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621, et seq. (employment

discrimination on the basis of age). *See* attachment.

Civil Action No. 1:21−cv−02385−DDD−NRN

## V.    ADMINISTRATIVE PROCEDURES

See attachment (copy of the notice of right to sue).

See Exhibit (Report of Investigation.)

## VI.    REQUEST FOR RELIEF

$436,298

*See*  attachment.

## VII.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Civil Action No. 1:21−cv−02385−DDD−NRN

s/ Plaintiff

Daniel W. Hamann

Pro Se Litigant

10799 W ALAMEDA AVE UNIT 150032

LAKEWOOD CO 80215-7402

Telephone: (720) 428-9543

E-mail: r6y2r7@gmail.com

January 24, 2022

VIII.   ATTACHMENTS

Attached herein on following pages.

A.      RIGHT TO SUE

Civil Action No. 1:21−cv−02385−DDD−NRN

 United States Department of the Interior

BUREAU OF RECLAMATION
P.O. Box 25007
Denver, CO  80225-0007
June 19, 2020



IN REPLY REFER TO:

84-11000
1.1.2

**ELECTRONIC MAIL ONLY**
**READ RECEIPT REQUESTED**

Daniel Hamann
10799 W Alameda Avenue
Unit 1500032
Lakewood, CO  80215

Re:  Notice of Incomplete Investigation in *Daniel Hamann v. David Bernhardt, Secretary,* U.S.
       Department of the Interior, Agency Case No. DOI-BOR-19-0764

Dear Daniel Hamann,

In accordance with 29 C.F.R. § 1614.108(e), Reclamation would like to inform you that more
than 180 days have passed since you filled your formal complaint.  Pursuant to 29 C.F.R. §
1614.108(g), you may request a hearing before an Equal Employment Opportunity Commission
(EEOC) Administrative Judge or file a civil action in the appropriate U.S. District Court.

Reclamation is currently on track to complete your investigation within the regulatory timelines.
Based on the most recent amendment to your formal complaint dated May 22, 2020,
Reclamation has until November 18, 2020 to complete your investigation.  We do not anticipate
the investigation taking that long to complete.

If you would like to request a hearing before an EEOC Administrative Judge, please complete
the attached Hearing Request Form.  Further, we ask that you follow the guidelines set out in the
attached memorandum from the EEOC dated April 6, 2020 by emailing a copy of your hearing
request to Chris Romero (cromero@usbr.gov) and filing your request electronically using the
EEOC's Public Portal (publicportal.eeoc.gov).  Instructions for how to use the EEOC's Public
Portal are enclosed for your review.  Please feel free to contact Chris Romero with any questions
or concerns at (303) 445-3604.

Sincerely,

SHERILYN
ROGERS
O'GORMAN

Digitally signed by
SHERILYN ROGERS
O'GORMAN
Date: 2020.06.19
13:44:03 -06'00'

Sherilyn Rogers O'Gorman
Complaints Manager

Civil Action No. 1:21−cv−02385−DDD−NRN

Civil Action No. 1:21−cv−02385−DDD−NRN

B.      STATEMENT OF CLAIMS

     1.      Statement

*See* "Background" and "Nature of Position" attachments.

Plaintiff was under-compensated throughout the course of employment at the Bureau of Reclamation. Similarly, plaintiff was frequently demoralized and humiliated by agency's refusal to acknowledge skill level while providing more opportunity to younger employees. *See generally* BUREAU OF RECLAMATION, REPORT OF INVESTIGATION, CASE NO. DOI-BOR-19-0764, (Dates of Investigation: March 31, 2020- September 30, 2020). The McDonnel Douglas burden-shifting framework, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), provides a mechanism for proving discrimination and also stands as a relevant standard for age discrimination. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000).

First, the plaintiff will demonstrate through the facts the existence of prima facie discrimination.

Contrary to *Reeves*, and nearly any precedent for a similar dismissal for lack of evidence, defendant will prove, with overwhelming evidence, that the defendant cannot provide evidence that the plaintiff was not entitled to a level of compensation, as mandated by the standard of care in employment unique to federal employment.

The facts will show that the performance rating system does not meet the requirements of law in that it must be objective. *See generally* 1:21−cv−02383−DDD−NRN.

Civil Action No. 1:21−cv−02385−DDD−NRN

Through favoritism and skewing of performance rating, younger employees were compensated on narrative only, and not on any measurable performance. Additionally, the plaintiff will prove that the defendant engaged in predatory behavior, that defies basic decency, thus, establishing a claim for damages and by way of the doctrine of legitimate expectation. *See generally* 1:21−cv−02383−DDD−NRN

2.    Incidents

a)    COUNT 1.

Failure to compensate plaintiff at a rate that is commensurate with skills and experience. *See* Request for Relief.

b)    COUNT 2.

Failure of supervisor to arrange a rotation while all younger rotation engineers were assigned rotations. *See* BOR, ROI at 10.

c)    COUNT 3.

Failure of the supervisor to assign plaintiff, an experienced project manager, project management and team lead positions while younger, less experienced employees were assigned project management and team lead positions, including employees with no project management or team lead experience. *See* BOR, ROI at 2; 3.

d)    COUNT 4.

Failure to utilize plaintiff's skill set in electrical control systems while creating a position for another younger employee, Lisa Gentry, as the designated authority, for those systems. Thus, plaintiff was not given equal opportunity as younger employee even

Civil Action No. 1:21−cv−02385−DDD−NRN

though plaintiff had a greater skillset and more experience in the subject matter. *See* BOR, ROI at 221, 1075.

e)      COUNT 5.

Failure to distribute workload evenly by assignment projects with more liberal budgets and less demanding work to younger employees while assigning more difficult projects with tighter budgets to the plaintiff. *See generally* BOR, ROI.

f) COUNT 6.

Embellishing unremarkable accomplishments of younger employees while ignoring bona fide accomplishments of the plaintiff as an older employee. *Id.*

g)      COUNT 7.

Arbitrarily assigning higher performance ratings to younger employees without following strict adherence to the agency guidelines. *Id*.

h)      COUNT 8.

Discounting and cutting off the plaintiff while speaking during meetings. *Id*.

i) COUNT 9.

Fabricating reasons and arbitrarily removing professional engineer registration requirements for a vacancy position so a younger employee could be promoted.

j) COUNT 10.

Allowing a younger employee to routinely pad timesheet with unrealistic overtime charges while over-scrutinizing older plaintiff's timesheet.

Civil Action No. 1:21−cv−02385−DDD−NRN

k)      COUNT 11.

Allowing a younger employee to fabricate experience on a tailored vacancy application while plaintiff as an older employee was fully truthful on application for same vacancy.

l) COUNT 12.

Tailoring a job position specifically so that a younger employee could be promoted.

m)      COUNT 13.

Supervisor fabricated statements on plaintiff's performance review in an effort to demoralize and diminish older employee's performance.

n)      COUNT 14.

A supervisor from a separate group fabricated a complaint that had no basis in fact to establish it as a bona fide complaint to divert attention away from a younger employee's mistake.

o)      COUNT 15.

Agency arranged to have employee-relations representative interrogate me with the sole purpose of intimidating.

p)      COUNT 16.

Ignored complaints about misconduct by others.

q)      COUNT 17.

Ignored complaints when another younger employee created 3D models that were unusable thus making it nearly impossible for the plaintiff to complete the work.

Civil Action No. 1:21−cv−02385−DDD−NRN

r) COUNT 18.

Routinely violated directives and standards, thus fabricating the appearance of negligence by the plaintiff, which resulted in employee being removed from a project team.

C.      REQUEST FOR RELIEF.

Relief is based upon a differential for both back pay and future pay. Calculations are based on plaintiff skill level being equivalent to a GS-13. *See* Attachment "Plaintiff Resume." Plaintiff was compensated at a lower rate. *See* calculations below. Liquidated damages are included. Agency was willful because supervisor knew and showed reckless disregard. *See* United States Courts for the Ninth Circuit, Manual of Model Civil Jury Instructions, §11.14.

Civil Action No. 1:21−cv−02385−DDD−NRN

Summary of damages:

| Item | Amount |
|------|--------|
| Back Pay Differential | $183,612 |
| Front Pay Differential | $34,537 |
| **Subtotal** | **$218,149** |
| Liquidated Damages | $218,149 |
| **Grand Total** | **$436,298** |

Civil Action No. 1:21−cv−02385−DDD−NRN

Differentials:

| Pay Table | Grade | Pay | Grade | Pay | Differential | % | Earnings | Differential | Front Past | Subtotals |
|---|---|---|---|---|---|---|---|---|---|---|
| 2016 | GS7-1 | $43,037 | GS13-1 | $90,779 | $47,742 | 111% | $47,637 | $52,845 | Past | |
| 2017 | GS9-1 | $53,912 | GS13-2 | $96,068 | $42,156 | 78% | $57,303 | $44,807 | Past | |
| 2018 | GS11-1 | $83,135 | GS13-3 | $103,359 | $20,224 | 24% | $71,491 | $17,392 | Past | |
| 2019 | GS11-2 | $86,097 | GS13-4 | $107,359 | $21,262 | 25% | $95,743 | $23,644 | Past | |
| 2020 | GS11-3 | $90,164 | GS13-5 | $112,780 | $22,616 | 25% | $133,206 | $33,412 | Past | |
| 2021 | GS11-4 | $98,513 | GS13-6 | $129,799 | $31,286 | 32% | $36,250 | $11,512 | Past | $183,612 |
| 2022 | GS11-5 | $101,468 | GS13-7 | $133,693 | $32,225 | 32% | $36,250 | $11,512 | Front | |
| 2023 | GS11-6 | $104,512 | GS13-8 | $137,704 | $33,191 | 32% | $36,250 | $11,512 | Front | |
| 2024 | GS11-7 | $107,648 | GS13-9 | $141,835 | $34,187 | 32% | $36,250 | $11,512 | Front | $34,537 |
| Total | | $768,487 | | $1,053,376 | $284,889 | | | $218,149 | | $218,149 |

Civil Action No. 1:21−cv−02385−DDD−NRN

D.     PLAINTIFF RESUME

ELECTRICAL ENGINEER (2015-PRESENT).
    Bureau of Reclamation, Lakewood, CO.
    Designing electrical infrastructure for canals, dams, pumping plants and hydropower plants.

CONTRACTOR (2009-2015).
    Self Employed
    Residential construction contractor.

SECURITY ENGINEER (2004-2009).
    Latta Technical Services, Inc.  Plano, TX.
    Worked in the capacity of a professional engineer for security electronics consulting engineering firm designing systems for detention, university and commercial facilities.  Responsibilities include project design, submittal review and site inspections.  Work closely with architects, owners and contractors throughout all phases of construction of facilities.

PROJECT MANAGER (2000-2003).
    CCC Group, Inc., Detention Systems Division.  San Antonio, TX.
    Managed the design, submittal, approval and installation of security electronics (SE) systems on detention facilities in the U.S. valued at several million dollars.  Worked closely with facility owners, architects, general contractors, construction managers and subcontractors for submittal, approval, installation and commissioning.  Facilitated establishment of SE engineering group and standards and document tracking system.  Located, hired and assimilated teams of security electronics superintendent and technicians.  Worked with engineering and field personnel to establish labeling systems, level of completion logs, and daily reporting.  Trained field personnel in use of email and file transfer for daily transmission of completion documentation, daily reports and digital photos.

SENIOR PROJECT ENGINEER (1997-2000).
    Miller Curtain Co., Inc.,  R&D Department.  San Antonio, TX.
    Researched and developed drapery manufacturing equipment utilizing motion control with servos and pneumatics, controlled and monitored by touchscreen.  Developed touchscreen code using Visual Basic on a Windows NT platform.  Established programming, hardware, wiring, and assembly standards for the department.

SENIOR PROJECT ENGINEER (1994-1997)
    Southern Steel Co., Electronic Controls Division, San Antonio, TX.
    Designed and programmed integrated security control systems for detention facilities, such as locking control, intercom, CCTV, and peripheral system.   Worked with facility owners, architects, general contractors, construction managers and subcontractors in design, submittal, installation and commissioning.  System designs utilized hardwire controls, PLC, graphic control panels, touchscreens and switchers.

PROJECT ENGINEER (1991-1994)
    Willo Products Company, Decatur AL.
    Designed and programmed integrated security control systems for detention facilities, such as locking control, intercom, CCTV, and peripheral system.   Worked with facility owners, architects, general contractors, construction managers and subcontractors in design, submittal, installation and

Civil Action No. 1:21−cv−02385−DDD−NRN

commissioning.  System designs utilized hardwire controls, PLC, graphic control panels, touchscreens and switchers.

STUDENT (1988-1991)
  (see below)

GENERAL CONTRACTOR (1976-1989)
  Self Employed, Dickinson, ND and Nashville, TN
  Sold, supervised and managed numerous light commercial and residential construction projects. Responsible for all phases of sales, estimating, bidding, contracting, scheduling, purchasing, and construction.

PRIMARY EDUCATION:
  Vanderbilt University, Nashville, TN,
  Bachelor of Electrical Engineering, May 1991, 3.68 GPA
  Recipient of Dillard Jacobs Honor Scholarship.  Honor Roll / Deans List all semesters.  Graduated Cum Laude.

LICENSES:
  Registered Professional Engineer.
  Texas License No. 81960.  NCEES Record No. 41692. Colorado License No. 0051877

E.    BACKGROUND OF CASE.

The plaintiff was hired as an electrical engineer by the Department of the Interior, to work within the Bureau of Reclamation, and thereafter begin employment in the Technical Service Center located at the Denver Federal Center on September 21, 2015. At this time, the plaintiff had experience as an electrical engineer going back to 1991, and had been registered as a professional engineer since 1995. This experience exceeded most other employees in his working group, the Electrical Design Group. Although hired as a GS-7, the plaintiff's knowledge, skills and abilities were far above that. The commonly held myth is that government work is specialized but over the six plus years that the plaintiff has been employed, it became apparent that nearly all of the skills that the plaintiff used on a daily basis had already been acquired when his employment started.

Civil Action No. 1:21−cv−02385−DDD−NRN

Thus, it was not understood why the plaintiff's skillset was not utilized. Over time it became apparent that favoritism was the modus operandi of promotion and advancement; advanced skills were not a prerequisite, nor was bona fide performance. The agency as a whole, does not have to perform to any level of competency, as it would have to do in the private sector. In the end, it is the contractor who did all the visible work, such as construction and modification of infrastructure.

Thus, from the onset of employment the plaintiff begin to notice inconsistencies in the manner in which various employees were treated. Some employees appeared to receive favored treatment, whereas the plaintiff begin to experience an alienation and predation. The plaintiff assumed that there was a bona fide, legal basis for this difference in treatment.

The plaintiff begin his due diligence by researching laws and regulation. As time progressed it became apparent that there were consistent violations of law and regulation yet there was no oversight mechanism in place. Further research validated the fact that favoritism was widespread in the federal government. This favoritism was manifested by not only favorable treatment to select employees, but a form of predation towards unfavored employees.

The plaintiff attempted to address these violations through agency mechanisms, such as the Ombudsman, the Inspector General, and through external entities such as the Office of Special Counsel. In all cases, investigations were not consummated, and in some cases, never commenced.

Civil Action No. 1:21−cv−02385−DDD−NRN

Thus, it became apparent that remedy may  have to be sought outside the agency which had the appearance of engaging first, in self-preservation, at all levels, while ignoring its own required due diligence in resolving matters.

On September 3, 2019, a claim for age discrimination was filed as an administrative complaint yet the investigation into that resulted in a report that contained factual evidence. However the administrative judge never commenced with a hearing and the plaintiff has chosen to seek remedy in the federal court system.

During the course of that complaint, requests for official time, time that employees are granted by agency policy, to engage in the complaint process, were constantly met with resistance, thus impeding the ability of the plaintiff to engage property, and also leaving the plaintiff with feelings of helplessness and frustration. Even in the case of the investigations, when it became apparent that other employees had perjured themselves, and when this perjury was presented, there was never any action taken at any level.

The insidious manner in which these improprieties occurred was always masked with an overt politeness and attempts to address the matters were viewed as inappropriate behavior, even though the plaintiff never used vulgar language, cursing, or name-calling. Rather, the plaintiff was often direct and explicit. Generally, complaints were simply ignored or mischaracterized. In some cases, complaints were filed against the plaintiff that had no legal or regulatory standing. Rather, these complaints against the plaintiff were based simply on fiat.

Never once, were the underlying facts truly and exhaustively examined. Rather false responses were simply repeated and facts ignored.

Civil Action No. 1:21−cv−02385−DDD−NRN

This environment, the totality of the events, lead the plaintiff to experience emotional

distress, especially in the form of anxiety, depression, demoralization, feelings of

helplessness, and frustration. Conversations with other unfavored employees ratified

what the plaintiff suspected: that within the agency, and the federal government at large,

existed a caustic collective, that operated outside the requirements of law and regulation

that are in place to ensure a healthy and robust workplace environment, where the

taxpayer could be assured that their investments were used appropriately.

F.      NATURE OF POSITION HELD BY PLAINTIFF (JOB DESCRIPTION)

The nature of the position plaintiff holds involves the creation of bid documents, in the

form of plans and specifications used for solicitation packages. The generation of this

documentation requires a broad range of experience typically acquired over decades.

Plans and specifications are part of the contract documents so having an understanding of

contracts is a necessity. The generation of the specifications requires an understanding of

the Construction Specifications Institute (CSI). The position requires the understanding

of the subject matter, which in this case, is electrical engineering used in infrastructure. In

some cases, control systems are designed that must implement motion control, such as

the movement of gates for water conveyance. The development of drawings requires an

understanding of drawings formats along with the understanding of the software to

generate drawings. This software may involve the use of Computer Aided Design (CAD)

or 3D modeling software. All the drawings that are generated must convey technical

knowledge along with conform to standards including font sizes, line weights, etc.

Civil Action No. 1:21−cv−02385−DDD−NRN

The role of the Technical Approval is defined in the Bureau of Reclamation directives and standards which involves Responsible Charge. Responsible Charge is broadly understood with engineering model adopted by each state as regulation. Only registered professional engineers can engage in the role technical approval which requires adhering the standards of responsible charge.

Additionally, the position requires participating in appraisal and feasibility studies used to assess project viability and to attain funding. Thus, the position that the plaintiff occupies requires decades of experience to attain all the skills required and necessary.

IX.     EXHIBITS (OVERSIZED ELECTRONIC DOCUMENTS)

A.      Report of Investigation for administrative complaint DOI-BOR-19-07604

This document is 1,183 pages and approximately  40MB in size. Thus, it will be filed as a separate document.

B.      File names

ROI.pdf