IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02385-DDD-NRN

DANIEL W. HAMANN,

Plaintiff,

v.

THE UNITED STATES DEPARTMENT OF THE INTERIOR,
DEB HAALAND, Secretary,

Defendants.

---

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
(Dkt. #27)**

---

**N. REID NEUREITER
United States Magistrate Judge**

This matter is before the Court pursuant to an Order (Dkt. #30) issued by Judge Daniel D. Domenico referring Defendants Deb Haaland and United States Department of the Interior's ("DOI," collectively, "Defendants"[1]) Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. #27.) Plaintiff Daniel W. Hamann, proceeding pro se,[2] filed a

---

[1] Plaintiff's Amended Complaint names both Ms. Haaland and the DOI as Defendants. (*See* Dkt. #26 at 3.) The Court assumes, as do Defendants, that Ms. Haaland is sued in her official capacity, meaning that the suit is really brought only against the DOI.

[2] Because Mr. Hamann proceeds pro se, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal.*

response (Dkt. #32), and Defendants filed a reply. (Dkt. #33.) On May 3, 2022, the Court heard oral argument from the parties. (*See* Dkt. #34.) Now being fully informed and for the reasons discussed below, it is hereby **RECOMMENDED** that the subject motion (Dkt. #27) be **GRANTED**.

## BACKGROUND[3]

Mr. Hamann is an electrical engineer with experience dating back to 1991. (Dkt. #26 at 16.) The Amended Complaint gives the overall impression that Mr. Hamann felt his "skillset was not utilized" since the start of his employment with the DOI's Bureau of Reclamation in 2015. (*Id.* at 15, 17.) On September 3, 2019, Mr. Hamann reported a litany of "improprieties" related to alleged age discrimination and favoritism toward younger employees through the administrative complaint process. He claims that there was never a thorough investigation into his complaints. (*Id.* at 17, 18.) He brings this suit under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.,* and requests monetary relief for "both back pay and future pay," claiming entitlement to liquidated damages for insufficient compensation. (*Id.* at 18, 20.)

---

*State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (the court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

[3] Unless otherwise noted, all well-pled allegations are taken from Mr. Hamann's Amended Complaint (Dkt. #26) and are presumed to be true for the purposes of this motion to dismiss. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

Generally, Mr. Hamann alleges that he was undercompensated and "frequently demoralized and humiliated by agency's [sic] refusal to acknowledge skill level while providing more opportunity to younger employees." (*Id.* at 8.) Specifically, the Amended Complaint references 18 incidents that Mr. Hamann asserts "def[y] basic decency, thus, establishing a claim for damages and by way of the doctrine of legitimate expectation." (*Id.* at 9.) These will be discussed in more detail below.

Defendants move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Mr. Hamann does not allege "facts from which the Court could not infer that the allegedly discriminatory acts were taken because of Plaintiff's age." (Dkt. # 27 at 1.) Defendants concede that the ADEA protects federal employees from discriminatory adverse personnel actions, but assert that most of the acts described in the Amended Complaint do not involve "personnel actions" at all. Further the incidents that arguably do involve "personnel actions" do not allege any circumstances that would give rise to an inference of age discrimination. Defendants also argue that, to the extent that Mr. Hamann means to assert a claim for hostile work environment, that claim fails as a matter of law.

## **LEGAL STANDARD**

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall,* 935 F.2d at 1109. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, the claim survives the motion to dismiss. *Id.* at 679.

However, the Court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc. v. Texas Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely

4

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

## ANALYSIS

### I. Mr. Hamann does not state a claim for age discrimination under the ADEA.

As noted above, Mr. Hamann brings this lawsuit pursuant to the ADEA. "The federal-sector provision of the [ADEA] provides (with just a few exceptions) that 'personnel actions' affecting individuals aged 40 and older 'shall be made free from any discrimination based on age.'" *Babb v. Wilkie*, 140 S. Ct. 1168, 1171 (2020) (quoting 29 U.S.C. § 633a(a)). Mr. Hamann is not required to establish a prima facie case of discrimination in his Amended Complaint to survive a challenge under Rule 12(b)(6), but "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). To state a plausible ADEA disparate-treatment claim like the one asserted here, a plaintiff must allege 1) he is a member of a protected class, 2) he was subjected to an adverse employment action, and 3) discrimination is inferred by the alleged adverse employment action. *Hysten v. Burlington N. and Santa Fe Ry. Co.*, 296 F.3d 1177, 1180 (10th Cir. 2002) (citation omitted). "[O]rdinarily the third part of this test will be satisfied by proof that the employer treated similarly situated employees more favorably." *Id.* If a plaintiff establishes his prima facie case, the burden then shifts to the employer "to articulate a legitimate nondiscriminatory reason for the [adverse employment] action." *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 531 (10th Cir. 1998).

There does not appear to be a dispute that Mr. Hamann is over 40 and therefore protected by the ADEA. The parties do dispute, however, whether Mr. Hamann was

5

subjected to adverse employment actions. The Court agrees with Defendants that in many circumstances described in the Amended Complaint, he was not.

The Court first summarily dispenses with Mr. Hamann's argument that ADEA age discrimination protections apply to actions that "fall out of the realm of being a personnel action." (Dkt. #32 at 3.) This goes against the plain language of § 633a(a), which states in relevant part: "All *personnel actions* affecting employees or applicants for employment who are at least 40 years of age . . . shall be made free from any discrimination based on age." (emphasis added). Moreover, the Supreme Court recently confirmed that § 633a(a) "concerns 'personnel decisions'" and that to define this term, one looks to the Civil Service Report Act of 1978 ("CRSA"). Under the CSRA, a "personnel action" means:

    (i) an appointment;

    (ii) a promotion;

    (iii) an action under chapter 75 of this title or other disciplinary or corrective action;

    (iv) a detail, transfer, or reassignment;

    (v) a reinstatement;

    (vi) a restoration;

    (vii) a reemployment;

    (viii) a performance evaluation under chapter 43 of this title or under title 38;

    (ix) a decision concerning pay, benefits, or awards, or concerning education or training if the education or training may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other action described in this subparagraph;

    (x) a decision to order psychiatric testing or examination;

    (xi) the implementation or enforcement of any nondisclosure policy, form, or agreement; and

>  (xii) any other significant change in duties, responsibilities, or working conditions.

5 U.S.C. § 2302(a)(2)(A).

Many of the incidents described by Mr. Hamann in his Amended Complaint plainly do not involve any personnel actions. These include (as labelled by Mr. Hamann): Count 6 ("Embellishing unremarkable accomplishments of younger employees while ignoring bona fide accomplishments of the plaintiff as an older employee."); Count 8 ("Discounting and cutting off the plaintiff while speaking during meetings."); Count 10 ("Allowing a younger employee to routinely pad timesheet with unrealistic overtime charges while over-scrutinizing older plaintiff's timesheet.")[4]; Count 11 ("Allowing a younger employee to fabricate experience on a tailored vacancy application while plaintiff as an older employee was fully truthful on application for same vacancy.")[5]; Count 14 ("A supervisor from a separate group fabricated a complaint that had no basis in fact to establish it as a bona fide complaint to divert attention away from a younger employee's mistake."); Count 15 ("Agency arranged to have employee-relations representative interrogate me with the sole purpose of intimidating."); Count 16 ("Ignored complaints about misconduct by others."); and Count 17 ("Ignored complaints when another younger employee created 3D models that were unusable thus making it nearly impossible for the plaintiff to complete the work."). These incidents do not fall within the ambit of the ADEA.

---

[4] This count does not describe a personnel action because Mr. Hamann does not allege that the "over-scrutinizing" of his timesheet resulted in him being paid less.

[5] This count fails to adequately allege a personnel action because Mr. Hamann does not allege that the younger employee who fabricated his experience got the job or that Mr. Hamann did not.

Other incidents may or do involve "personnel actions," but nonetheless fail to state a claim because there is no inference of discrimination. For example, Mr. Hamann complains that, despite his "greater skillset and more experience," he was not assigned to rotations or given project management responsibilities, but was instead handed more difficult projects with tighter budgets than younger employees. (*See* Counts 2–5.) Defendants contend that these allegations do not involve a significant *change* in duties, responsibilities, or working conditions, and therefore they are not personnel actions. The Court is not entirely convinced by this argument. The CSRA's definition of "personnel action" is "broad" and includes "most employment-related decisions, such as appointment, promotion, *work assignment*, compensation, and performance reviews." *Babb*, 140 S. Ct. at 1173 (emphasis added). Nevertheless, the Court must bear in mind that "a mere inconvenience or an alteration of job responsibilities" [is not considered] to be an adverse employment action." *Sanchez*, 164 F.3d at 532 (internal quotations omitted). At the motion to dismiss stage, the Court finds these allegations do relate to personnel actions as they involve the assignment of work and allocation of responsibilities.

The Court likewise finds that Count 18, in which Mr. Hamann alleges Defendants "[r]outinely violated directives and standards, thus fabricating the appearance of negligence by the plaintiff, which resulted in employee being removed from a project team[,]" adequately describes a personnel action because Mr. Hamman's removal from a project team constitutes a work assignment for the purposes of the CSRA and is therefore a personnel action.

Additionally, Defendants concede that the several of the incidents contained in the Amended Complaint do allege a personnel action. These include Count 1 ("Failure to compensate plaintiff at a rate that is commensurate with skills and experience."); Count 7 ("Arbitrarily assigning higher performance ratings to younger employees without following strict adherence to the agency guidelines."); Count 9 ("Fabricating reasons and arbitrarily removing professional engineer registration requirements for a vacancy position so a younger employee could be promoted."); Count 12 ("Tailoring a job position specifically so that a younger employee could be promoted."); and Count 13 ("Supervisor fabricated statements on plaintiff's performance review in an effort to demoralize and diminish older employee's performance.").

But, while they may be adverse personnel actions, these incidents do not allege facts giving rise to an inference of age discrimination. Even accepting as true Mr. Hamann's claims that Defendants did not compensate him "at a rate that is commensurate with skills and experience," "fabricat[ed] the appearance of negligence," and "fabricated statements on [his] performance review in an effort to demoralize and diminish" his performance, these actions appear to be unrelated to his age. Mr. Hamann also does not explain how (1) younger employees being arbitrarily assigned higher performance ratings; (2) the removal of professional engineer registration requirements for a job vacancy; or (3) tailoring a job position to promote a younger employee, affected *his* employment status in any way.

Moreover, Mr. Hamann cannot establish the third prong of an ADEA claim because his Amended Complaint does not plausibly allege that Defendants treated similarly situated employees differently than they treated him. In the context of a

9

disparate treatment analysis, "'[s]imilarly situated employees are those who deal with the same supervisor and are subject to the same standards governing performance and discipline.'" *McGowan v. City of Eufala*, 472 F.3d 736, 746 (10th Cir. 2006) (quoting *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1404 (10th Cir. 1997)). To determine whether employees are similarly situated, courts "compare the relevant employment circumstances, such as work history and company policies, applicable to the plaintiff and the intended comparable employees." *Id.* (quoting *Aramburu*, 112 F.3d at 1404).

Mr. Hamann does not allege that his younger colleagues were similarly situated. Indeed, the Amended Complaint itself only identifies one individual by name (Lisa Gentry); the remainder are either lumped into the category of "younger employees" or left anonymous. It is not apparent from the Amended Complaint that any of the other employees, named or not, shared the same job responsibilities with or were otherwise similarly situated to Mr. Hamann "in all relevant respects."

In his response, Mr. Hamann claims that "all engineers" are similarly situated because they have the same title and "engage in the same activities such as creating estimates, specifications, drawings, studies, et al." (Dkt. #32 at 6.) But this allegation is not contained in the Amended Complaint and a plaintiff may not effectively amend his complaint by alleging new facts in a response to a motion to dismiss. *See In re Qwest Commc'ns Int'l, Inc.*, 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004).

Additionally, Mr. Hamann does not allege, in his Amended Complaint or his response, that he shared the same supervisor with all the other younger engineers, or that the same supervisor committed the acts complained of in the various counts.

10

The Court recognizes that Mr. Hamann attached to his Amended Complaint a 1,183 page "report of investigation" to which he sporadically cites and which contains more specific information as to names and dates. But Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See also* Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct."). Although allowance may be made for some deficiencies in a pro se pleading, such as failure to cite appropriate legal authority or confusion of legal theories, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also Whitney*, 113 F.3d at 1173-74 (court will not "construct a legal theory on a plaintiff's behalf"); *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir.1995) ("Judges are not like pigs, hunting for truffles buried in briefs."). Here, Mr. Hamann cites to five specific pages of the exhibits in his first four counts, then cites generally to the documents through Count 8 before giving up entirely for the remainder of the pleading. The Court will not assume a task for which Mr. Hamann himself ran out of patience. Should he be permitted to further amend his complaint, Mr. Hamann must incorporate all relevant names, dates, and deeds into one concise pleading.

Accordingly, the Court finds that Mr. Hamann's Amended Complaint fails to state a claim for age discrimination under the ADEA.

**II. Mr. Hamann does not state a claim for hostile work environment.**

Defendants next contend that, to the extent that the Amended Complaint can be construed to assert a claim for hostile work environment, such a claim should be

11

dismissed under Rule 12(b)(6). Mr. Hamann admits that he "does not explicitly argue that he was subjected to a hostile work environment," although he insists that he "was exposed to such." (Dkt. #32 at 22.) The Court does not read the Amended Complaint to assert a hostile work environment claim, and Mr. Hamann's prevarication suggests that that he did not intend to do so. In any event, such a claim fails.

To prevail on a claim for hostile work environment, a plaintiff must show that (1) he was discriminated against based on a protected ground; and (2) that the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions of his employment and created an abusive working environment. *Morris v. City of Colo. Springs*, 666 F.3d 654, 663 (10th Cir. 2012). The nature of a hostile work environment claim is such that "[e]vidence of a general work atmosphere" and of "specific hostility directed toward the plaintiff . . . is an important factor in evaluating the claim." *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1415 (10th Cir. 1987). Isolated or ambiguous comments, or "stray remarks," are not material in showing that an employer's actions were based on discrimination. *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 531 (10th Cir. 1994). The law does not establish "a general civility code" for the workplace. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998). Accordingly, the run-of-the-mill boorish, juvenile, or annoying behavior that is not uncommon in workplaces is not the stuff of a hostile work environment claim. *See, e.g., Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (discussing the Supreme Court's hostile work environment decisions and stating that "[a] recurring point in these opinions is that simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and

conditions of employment" (quoting *Oncale*, 523 U.S. at 82) (internal quotation marks omitted)); *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008) ("Workplaces are not always harmonious locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard. Some rolling with the punches is a fact of workplace life."); *DeNovellis v. Shalala*, 124 F.3d 298, 310 (1st Cir. 1997) ("Not all offensive conduct is actionable as harassment; trivial offenses do not suffice.").

In this case, Mr. Hamann has not met the first prong—that he was discriminated against based on his age. Nor has he described a workplace "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." *Penry v. Fed. Home Loan of Topeka*, 155 F.3d 1257, 1261 (10th Cir. 1998) (quotation omitted). Indeed, he does not allege that he was subjected to any age-based abusive remarks by any individual. This claim, such as it can be liberally construed to exist, should be dismissed.

## RECOMMENDATION

In light of the foregoing, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #27) be **GRANTED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** *Thomas v. Arn***, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corr.***, 183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse***, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:     July 14, 2022
             Denver, Colorado             N. Reid. Neureiter
                                                    United States Magistrate Judge